IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

2021 JUL 27 AM 10: 53

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. Grace & Co, et al. | ) | Bankruptcy Case No. 01-01139 (AMC) |
| Debtor. | ) | BAP Case No. 21-00016 |
| ------------------------------- | ) | ____ |
| GARY SMOLKER | ) | |
| Appellant, | ) | |
| v. | ) | C.A. No. 21-460-LPS |
| W.R. GRACE & Co, et al | ) | Case No. 1:21-cv-00987-LPS |
| Appellee | ) | |
| _____ | ) | Related Document No. 4 filed July 7, 2021 |

**OPPOSITION OF APPELLANT GARY SMOLKER ("SMOLKER") TO MOTION TO DISMISS FILED BY W.R. GRACE & CO. ("GRACE") ON JULY 20, 2021: (A) ARGUMENT IN OPPSITION TO MOTION, (B) MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF ARGUMENT IN OPPOSITION TO GRANT OF MOTION TO DISMISS, AND (C) DECLARATION OF GARY SMOLKER OF FACTS IN SUPPORT OF ARGUMENT TO DENY GRACE MOTION TO DISMISS**

**(A) Argument in Opposition to Motion to Dismiss**

OVERVIEW

There are occasions when an individual case or an individual appeal or a group of interrelated appeals, puts an entire culture on trial, and the appellate opinions in those appeals makes history.

1

The decision this Court renders on GRACE'S MOTION TO DISMISS, the decision this court renders on SMOLKER'S appeal of Judge Chan's June 22, 2021 Orders, and the decisions this Court renders on motions to soon be filed in the inter-related appeal Civ. No. 21-460-LPS and on the appeal itself in Civ. No. 21-460-LPS will make history.

If the decisions this Court renders on GRACE'S pending motion to dismiss Judge Chan's June 22, 2021 ORDERS and on SMOLKER'S appeal of Judge Chan's June 22, 2021 ORDERS are in SMOLKER'S favor, those decisions will engender here and abroad, a renewal of faith in democratic institutions and ideals.

The issues raised by GRACE in GRACE'S pending MOTION TO DISMISS, include but are not limited to the following:

1. Is it enshrined in the United States Constitution that it is the United States District Court's Job to be an active promoter and enforcer of justice?
2. Does the power given to courts under Title 11 of the United States Code section 105 to sua sponte make any order that is necessary or appropriate to prevent an abuse of process impose on Judges the duty to make orders that are necessary or appropriate to prevent an abuse of process?
3. Is it this court's duty to affirmatively act to prevent and/or to punish ex parte communications prohibited by Federal Rule of Bankruptcy Procedure Rule 9003?
4. Is it this court's affirmative duty to prevent and/or to punish violations of the American Bar Association's Model Rules of Professional Conduct?
5. Is it this court's affirmative duty to take action when it is manifestly and irrefutably apparent that an attorney or group of attorneys have violated their affirmative duties under Federal Rule of Bankruptcy Procedure Rule 9011.
6. Do Federal Rule of Bankruptcy Procedure Rule 8013 (3) (A) – allowing a party to file a response to a motion within 7 days after service of the motion – and Federal Rule of Bankruptcy Procedure Rule 8011 providing that (c) service of a motion by mail is complete on mailing or delivery to commercial carrier constitute a denial of due process and a denial of equal protection of the laws to Appellant/Respondent SMOLKER?

2

7. Is this court going to allow GRACE to get away with illegally manufacturing and illegally selling a toxic pesticide which is a menace to public health and safety which directly caused physical injuries to SMOLKER'S person, to SMOLKER'S real property, to SMOLKER'S personal property, and to SMOLKER'S immediate family?
8. Is this court going to allow judicial officers to conduct "show trials" (akin to the show trials conducted in the trial of "The Soviet Union v. Nikolai Bukharin" and akin to the show trial conducted in the trial of "The Committee of Public Safety v. Georges-Jacques Danton") instead of conducting real trials?

## GRACE FAILS TO MEET FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 8011 (d) REQUIREMENTS

RULE 8011 (d) requires s document presented for filing must contain a proof of service consisting of a statement made by the person who made service stating:
(i) the date and manner of service;
(ii) the names of the persons served; and
(iii) the mail or electronic address, the fax number, or the address of the place of delivery, as appropriate for the manner of service, for each person served.

The "Motion to Dismiss" presented on behalf of Grace by Roger J. Higgins, Esq. of the Law Offices of Roger Higgins, LLC, and by Laura Davis Jones, Esq. and James E. O'Neill, Esq. provides none of the information required by Rule 8011(d).

Instead on page 15 of the GRACE'S "Motion to Dismiss" appears the following statement:

"*Notice*

"*28. Notice of this Motion has been given to Mr. Smolker via e-mail correspondence and by next-day mail service. In light of the nature of the relief requested, Appellee submits that no further notice is required.*"

## FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 8011 (c) (3) DOES NOT MEET CONSTITUTION DUE PROCESS REQUIREMENTS OR EQUAL PROTECTION OF THE LAW REQUIREMENTS

Rule 8011 (c)(3) provides that service is complete on mailing or by electronic means.

A basic required of due process is that a respondent must be given *timely notice* of the accusations against him.

SMOLKER has not received delivery of GRACE'S "Motion to Dismiss" by US Mail or by commercial carrier.

SMOLKER has been provided only today to read and to respond to GRACE'S "Motion to Dismiss".

Therefore SMOLKER has been denied due process.

SMOLKER found out about the existence of GRACE'S "Motion to Dismiss" by happenstance.

SMOLKER first found out that GRACE had filed its "Motion to Dismiss" when SMOLKER read an email from Magistrate Judge Thynge's Law Clerk Daniel Taylor on Friday July 25, 2021 in which Mr. Taylor forwarded a copy of GRACE'S "Motion to Dismiss."

Mr. Tyler's email states that Mr. Higgins filed a "Motion to Dismiss".

SMOLKER did not read the motion forwarded to him by Mr. Taylor until today, July 26, 2021.

SEVEN DAYS FOR INSTATE AND OUT OF STATE PARTIES, AND FOR PARTIES' ATTORNEYS ON THE COURT'S ELECTRONIC SERVICE SYSTEM AND PRO SE SMOLKER WHO IS NOT ON THE COURT'S ELECTRONIC SERVICE TO FILE A RESPONSE IS A DENIAL OF EQUAL PROTECTION TO SMOLKER, IS UNREASONABLE NOTICE GIVEN TO SMOLKER AND IS NOT SUFFICIENT TIME GIVEN TO SMOLKER IN WHICH TO PREPARE AND TO FILE SMOLKER'S RESPONSE.

In comparison the State of California Code of Civil Procedure section 1005 (13)(b) provides:

*"(b) Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 days before the hearing....However, if the notice is served by mail, the required 16-day period of*

4

*notice before hearing shall be increased by five calendar days if the place of mailing and the place of address are within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States…"*

GRACE and GRACE'S attorneys' motion to dismiss is an unethical attempt to circumvent due process provided by the appellate process.

Attached to the Declaration of Gary Smolker is a copy of SMOLKER'S "Appellant Gary Smolker's Designation of Record on Appeal and Statement of Issues on Appeal" filed in the US Bankruptcy Court for the District of Delaware on July 16, 2021.

STATEMENT OF ISSUES ON APPEAL

See Exhibit "1" attached to SMOLKER'S DELCLATION.

SMOLKER sets forth 21 issues to be decided on appeal.

GRACE does not address those 21 issues in GRACE'S "Motion to Dismiss."

GRACE does not address any one of the issues to be decided on appeal specified in "APPLELLANT GARY SMOLKER'S DESIGNATION OF RECORD ON APPERAL AND STATEMENT OF ISSUES ON APPEAL."

GRACE is applying to this court to deny SMOLKER access to a fair and through process.

In totalitarian states fair trials are rare or nonexistent. No attempt is made to judge each party fairly in light of the evidence.

In our democratic system it is the judge's duty to act as an objective guardian of fairness.

The concept of an even handed trial is not new.

During the trial of the Greek philosopher Socrates in 399 B.C. both sides were given equal time to speak.

5

IN THEIR PENDING MOTION TO DISSMISS GRACE AND ITS ATTORNEYS ARE BEHAVING UNETHICALLY.

Justice cannot be served with rigged trials or when procedural disadvantages are inflicted on one of the parties.

The proper objectives of any legal trial or of any appeal are that they be conducted fairly and the outcome is just.

A judicial system cannot simply come to a fair decision without regard to the means; it must do so through fair procedure, which over time has become to be known as "due process."

GRACE and its attorneys undermined the judicial system in Civ. No. 21-987-LPS and in Civ. No. 21-460-LPS with impunity.

On May 27, 2021 GRACE filed a "Motion for Briefing Schedule" in Civ. No. 21-460-LPS.

Thereafter GRACE'S attorneys made several ex parte communications with Judge Stark.

GRACE'S attorneys misrepresented critical facts in their ex-parte communications with Jude Stark.

GRACE's attorney's unethical conduct undermined Judge Stark's ability to make a reasoned decision on GRACE'S motion for briefing schedule.

The decision and order Judge Stark issued on June 7, 2021 was uninformed.

Judge Stark's June 7 briefing order results is severe hardship to SMOLKER.

SMOLKER informed GRACE'S attorneys SMOLKER was preparing an Emergency Motion to be filed in Civ. No. 21-460- LPS. See Exhibit 2 and Exhibit 3 attached to SMOLKER declaration.

GRACE did not reveal that critical information in GRACE'S "Motion to Dismiss" in Civ. No. 21-00987-LPS.

Civ. No. 21-00987-LPS and Civ. No. 21-460-LPS are inseparably interrelated.

It is respectfully submitted that issues stated in SMOLKER'S "Statement of Issues on Appeal" in Civ. No. 21-00987-LPS are not moot.

In order for Appeal Civ. No. 21-00987 to go forward to final conclusion issues raised in Civ. No. 21-00987-LPS and issues raised in this opposition to GRACE'S "Motion to Dismiss" must be resolved.

Dated:	July 26, 2021	Respectfully submitted,

_____
Gary Smolker, Appellant, In Pro Per

Email: GSmolker@aol.com

Cell Phone: 1-310-749-9735 *** Office Phone: 1-818-788-7290

16055 Ventura Blvd., Suite 525

Encino, CA. 91436

