IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., *et al.*, | : | Chapter 11 |
| | : | |
| Reorganized Debtors. | : | Bankr. Case No. 01-01139-AMC |
| | : | |
| GARY SMOLKER, | : | |
| | : | |
| Appellant, | : | |
| v. | : | Civ. No. 21-987-LPS |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM ORDER

1.  Pending before the Court is Appellee's motion to dismiss (D.I. 4) ("Motion to Dismiss") the appeal filed by *pro se* appellant Gary Smolker ("Appellant") from the Bankruptcy Court's June 22, 2021 order cancelling a hearing (Bankr. D.I. 33236)[1] ("Order Cancelling Hearing"). Appellee has filed an opposition to the relief sought in the Motion to Dismiss. (D.I. 6, 7, 8) For the reasons set forth below, the Court will grant the Motion to Dismiss.

2.  **Background.** On March 15, 2021, Appellant filed a request (App. Ex. 2)[2] ("Sanctions Hearing Request") that the Bankruptcy Court set a hearing date for a sanctions motion that Appellant stated he intended to file once he had filed a motion to compel Appellee to produce documents. Appellant first raised the issue of filing a motion for sanctions in September 2020,

---

[1] The docket of the chapter 11 case, captioned *In re W. R. Grace & Co., et al.*, No. 01-1139 (AMC) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

[2] The appendix (D.I. 5) to the Motion to Dismiss (D.I. 4) is cited herein as "App. Ex. __."

during a hearing in which the Bankruptcy Court set a briefing schedule for Appellee's then-pending summary judgment motion requesting disallowance of Appellant's bankruptcy claim:[3]

> MR. SMOLKER: I'd like you to calendar a separate motion for sanctions, which I intend to file, and I would like to have a filing deadline of 30 days after my filing deadline for my response to summary judgment, which would be January 15th.
>
> THE COURT: Just so I understand, what is the basis of the motion for sanctions and who is it against?
>
> MR. SMOLKER: It's against Grace and its attorneys for perpetuating a fraud on the Court.
>
> THE COURT: Okay. What would that fraud be, just so I understand?
>
> MR. SMOLKER: Misrepresenting to the Court the facts and the law on which prior orders were made and also in its current motion. They've left out critical facts that you should know in order to make the right decision . . . .

(App. Exh. 13, 9/17/2020 Hr'g Tr. at 12:12–13:1)

    3.    In his Sanctions Hearing Request, which was ultimately filed on March 15, 2021, Appellant stated that he would be filing a sanctions motion against counsel representing Appellee in certain California state court litigation, which was the subject of the claim disallowance summary judgment proceedings before the Bankruptcy Court, as well as in the summary judgment matter itself, demanding that each of four named attorneys pay "compensation to Gary S. Smolker in the amount of $3,000,000.00 as sanctions as a consequence of their wrongful conduct." (Sanctions Hearing Request at 1) Appellant requested that the Bankruptcy Court set the hearing:

> at least 30 days after the Court hears and decides SMOLKER'S Motion for Court Order Compelling GRACE to Produce Documents. SMOLKER further requests that the court not set a hearing date prior to 60 days after the date the court gives notice of the hearing date for . . . [Mr. Smolker's putative sanctions motion]
>
> SMOLKER will be filing a motion seeking an order ordering GRACE to produce documents shortly.

---

[3] On March 16, 2021, the Bankruptcy Court entered an order disallowing Appellant's bankruptcy claim. (Bankr. D.I. 33217). That order is the subject of a separate appeal. *See Smolker v. W. R. Grace & Co., et al.*, Case 1:21-cv-00460-LPS (D. Del. 2021) (the "Summary Judgment Appeal").

2

(*Id.* at 2-3)

4. On March 16, 2021, the Bankruptcy Court entered its March 16 Notice, setting an objection deadline for Appellee of June 3, 2021, and a hearing date of June 24, 2021, thereby fulfilling Appellant's request for a hearing on his putative sanctions motion. (App. Exh. 3) On the same day, Appellee served the March 16 Notice to Appellant by e-mail correspondence and by next-day mail. (App. Exh. 4) The Clerk of Court docketed a Certificate of Service on March 18, 2021. (App. Exh. 5)

5. As indicated by the docket of the chapter 11 case, Appellant never filed his sanctions motion, nor did he file a motion to compel the Reorganized Debtor to produce documents. (App. Exh. 1) On June 4, 2021, one day after the objection deadline set forth in the Bankruptcy Court's March 16 Notice, Appellee filed its Request to Cancel Hearing. (Bankr. D.I. 33231; App. Exh. 6)

6. As discussed in Appellee's Request to Cancel Hearing, Appellant had acknowledged during a "meet and confer" telephone conference on June 3, 2021, regarding a briefing schedule for the pending Summary Judgment Appeal:

> the need to cancel the June 24 hearing and informed counsel that he would request such cancellation. Subsequent to that conference, Mr. Smolker sent e-mail correspondence to counsel for the Reorganized Debtor stating that he was refusing to request cancellation of the hearing, even though he had not timely filed his motion.

(*Id.* at 2 & Exh. C)

7. On June 21, 2021, Appellant's Response to Appellee's Request to Cancel Hearing was docketed, comprising the following documents: (i) Federal Rules of Bankruptcy Procedure, Rule 7008 Notice: Pleader Gary Smolker Does Not Consent to Entry of Final Orders or Judgments of the Bankruptcy Court with respect to W.R. Grace & Co.'s Pending Motion to Cancel June 24, 2021 Hearing Date, dated June 16, 2021; (ii) Federal Rules of Bankruptcy Procedure, Rule 7008 Notice: Pleader Gary Smolker Does Not Consent to Entry of Final Orders or Judgments of the Bankruptcy Court with respect to Gary Smolker's Ex-Parte Application/Motion for Protective Order

3

and Impostion [sic] of Sanctions on W.R. Grace & Co. Attorneys Roger J. Higgins, Laura Davis Jones, and James E. O'Neill; and (iii) Declaration of Lauren Elder In Support of Sanction Motion Gary Smolker Requests Be Heard on June 24, 2021, dated June 16, 2021 (the "Elder Declaration"). (App. Exh. 7) Appellant also filed his Objection to Appellee's Request to Cancel Hearing. (App. Exh. 8) Attached to Appellant's Objection was a pleading captioned Statement of Relief Sought by Gary Smolker in Ex Parte Motion Gary Smolker Seeks to Have Heard on June 24, 2021 at 12:00 P.M. By Honorable Ashely M. Chan, United States Bankruptcy Judge, dated June 17, 2021.

8. Later that same day, Appellee filed its Reply to Appellant's Response and his Objection. (App. Exh. 9) On June 22, 2021, Appellee filed the Notice of Agenda for the June 24, 2021 hearing. (App. Exh. 10)

9. Following the filing of the agenda, the Bankruptcy Court entered the Order Cancelling Hearing, cancelling the June 24, 2021 hearing. (Bankr. D.I. 33236; App. Exh. 11) The Bankruptcy Court's Order Cancelling Hearing explained why the court had set a hearing for June 24, 2021—which was to accommodate Appellant's request in his March 15 Sanctions Hearing Request discussed above, wherein Appellant asserted he would file a motion to compel production of documents, and then once that motion was decided by the Bankruptcy Court, he would file within another 60 days his putative sanctions motion. (*Id.* at ¶¶ 3-4)

10. The Order Cancelling Hearing stated that Appellant had filed neither his motion to compel production of documents nor his putative sanctions motion. (*Id.* at ¶ 5) In light of Appellant's failure to do either and the fact that Appellant's failure meant that there was no substantive motion to go forward at the June 24 hearing, the Bankruptcy Court granted Appellee's Request to Cancel on June 22, 2021. (*Id.* at ¶ 7) The Bankruptcy Court made it clear that the Order Cancelling Hearing was "without prejudice to Smolker filing and properly noticing his Proposed

Sanctions Motion for a hearing in accordance with the applicable legal rules at a later date when he is ready to do so." (*Id.*)

11. The Bankruptcy Court's Order Cancelling Hearing also addressed the new issues that were raised in Appellant's Objection and Response (which the Order Cancelling Hearing defined as the "Protective Order Request"). (*Id.* at ¶ 7 nn.1-2) The Bankruptcy Court specifically noted in the Order Cancelling Hearing that the sanctions relief requested in the Objection was distinct from the gravamen of the proposed sanctions motion discussed in Appellant's March 16 Sanctions Hearing Request. (*Id.* at n.1) Instead of seeking millions of dollars in monetary sanctions against Appellee's counsel, Appellant was now requesting that Appellee's counsel pay for certain of Appellant's living expenses in an amount of somewhat less than $10,000. The Bankruptcy Court further noted that Appellant was also requesting injunctive relief in his Protective Order Request—to wit, seeking an order that would "essentially prohibit" Appellee from "from filing any 'pleadings or letters' with the Bankruptcy Court for sixty days." (*Id.*) The Bankruptcy Court noted that Appellant did not state whether he was requesting a preliminary injunction or a temporary restraining order, nor did he identify any injury he would suffer absent the requested relief, let alone an irreparable injury. (*Id.*)

12. "Ultimately," the Bankruptcy Court stated, "the Protective Order Request was not before the Court." (*Id.*) There is also nothing in the Order Cancelling Hearing precluding or otherwise restricting Appellant in any way from filing and properly noticing new pleadings requesting the relief sought in the Protective Order Request.

13. On June 22, 2021, subsequent to the Bankruptcy Court's having entered the Order Cancelling Hearing, Appellee filed a Cancellation Agenda, informing parties-in-interest that the hearing had been cancelled. (App. Exh. 12) On July 2, 2021, Appellant filed his Notice of Appeal. (App. Exh. 14)

14. **Jurisdiction.** The Order Cancelling Hearing is an interlocutory order. This Court has jurisdiction to hear appeals "from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). The notice of appeal was not accompanied by a motion for leave to appeal, as required under Bankruptcy Rule 8004. Nevertheless, the Court may construe the Notice of Appeal as a motion and still consider whether to grant leave to appeal the Order Cancelling Hearing.

15. **Applicable standards.** Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).

16. Under the standards of § 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

17. **Discussion.** First, the appeal is patently frivolous. Appeals are frivolous when they make "[c]laims that ignore contrary case law, offer no colorable argument or support, present incomprehensible arguments, or contain nothing of substance or merit." *Lewis v. Smith*, 2010 U.S. App. LEXIS 27606, at *7-8 (3d Cir. July 28, 2010) (in reference to Fed. R. App. P. 38) (internal citation omitted)).

19. Applying this objective standard, the appeal of the Order Cancelling Hearing is patently frivolous. Appellant filed neither the motion to compel document production nor the follow-on sanctions motion that he had insisted the Bankruptcy Court schedule for hearing. Appellant also failed to cancel the hearing. With no pending motion, Appellee had little choice but to request cancellation of the hearing or otherwise waste time and resources of the parties and the Bankruptcy Court. Appellant's apparent argument that the Bankruptcy Court should have held a hearing on unfiled motions is fairly characterized as "incomprehensible" and "contain[ing] nothing of substance or merit." *Id.* at *7-8. Although Appellant purported to raise new grounds for sanctions and injunctive relief at the last moment in his Protective Order Request, Appellant offers no reasonable argument that the Protective Order Request was properly before the Bankruptcy Court at the time of the June 24 hearing and thus "no colorable argument or support" for the appeal. *Id.*

20. Second, the appeal is clearly interlocutory and does not meet the standards of 28 U.S.C. § 1292(b). The appeal presents no controlling question of law. The Order Cancelling Hearing is entirely procedural in nature—cancelling a hearing and determining that the Protective Order Request was not properly before the Bankruptcy Court due to its procedural infirmities under the relevant Local Rules. The Order Cancelling Hearing affects no substantive rights, as it has absolutely no preclusive effect on any sanctions motion Appellant wishes to file in the future. Appellant has presented no appealable issue, let alone one of controlling law.

22. Appellant's various pleadings fail to dispute any of the central tenets of the Motion to Dismiss. Indeed, the issues that Appellant does raise—including the *ad hominem* attacks against Appellee's counsel—merely highlight the frivolous nature of his appeal.

23. **Conclusion.** For the reasons set forth herein, the Court hereby ORDERS that:

(i) The Motion to Dismiss is GRANTED.

(ii) Based on the inflammatory, threatening, and wholly inappropriate language contained in the Memorandum of Points and Authorities (D.I. 7 at 1) and Designation of Issues on Appeal (D.I. 8-1 at 6) filed by Appellant, any future filings by Appellant in this matter may be docketed but not considered by the Court. Appellee shall not be required to respond to any future filings by Appellant unless otherwise ordered by this Court. The Court will consider imposing sanctions in the event that Appellant continues his pattern of abusive filings with respect to this appeal.

(iii) The Clerk of the Court is directed to CLOSE Civ. No. 21-987-LPS.

November 12, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE